IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN BALLESTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:01-CV-2712-JOF |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion to compel discovery [80].

**I.     Background**

    **A.     Procedural History**

On October 11, 2002, Plaintiff, John Ballester, filed suit against Defendants, United States of America, Federal Bureau of Prisons, Dr. Edwin Lopez, and Mr. Peralta, alleging a *Bivens* claim of deliberate indifference to serious medical needs and two claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for negligence in medical treatment (the "medical treatment claim") and for ignoring the risk of harm to Plaintiff from the presence of a "psychotic" cell mate (the "negligent placement claim").  On March 24, 2004, this court dismissed Plaintiff's *Bivens* claim and the individual defendants as well as the Federal Bureau of Prisons.  In an order dated February 2, 2005, this court granted in part

a motion to compel filed by Plaintiff. Further, in the same order, the court granted Plaintiff's motion for appointment of counsel and motion to stay summary judgment and denied Defendant's motion for summary judgment with leave to renew. On October 21, 2005, Plaintiff filed a motion to compel seeking information concerning Cedric Dames, the allegedly "psychotic" cell mate.

### B. Facts

Plaintiff was housed with another inmate in a two-man cell in the Special Housing Unit ("SHU") at USP-Atlanta when, on or about August 4, 1999, inmate Cedric Dames was placed as a third man in the cell. Plaintiff and Dames were engaged in an altercation on August 7, 1999, from which Plaintiff received injuries to his nose. Plaintiff reported the fight immediately after it occurred and sought medical treatment. Plaintiff was seen by a physician's assistant, former defendant Peralta. Upon Plaintiff's release from SHU on September 18, 1999, Plaintiff sought medical attention and an X-ray of his nose and face from the prison infirmary. Plaintiff was informed that he had a fractured nose and deviated septum but was not immediately referred to a surgeon or given pain medication. Plaintiff filed an administrative grievance to obtain medical care and pain relief on June 26, 2000 and received surgery on November 8, 2000 to relieve breathing difficulty. Surgery to correct a nasal deformity was denied to Plaintiff.

### C. Contentions

2

Defendant contends that this court should dismiss Plaintiff's negligent placement claim as Defendant is immune from liability for its decision to place Mr. Dames in the same cell as Plaintiff under the discretionary function exception to the FTCA. Defendant further contends that as Plaintiff's negligent placement claim should be dismissed, the court should deny Plaintiff's motion to compel as the information which Plaintiff seeks is relevant only to his negligent placement claim.

Plaintiff responds that the discretionary function exception to the FTCA does not apply to Defendant's decision to place Mr. Dames in the same cell as Plaintiff. Plaintiff claims that such a placement ran afoul of stated prison policies and thus was not discretionary.

## II.  Discussion

"In order for a claim to fall within the discretionary function exception of the FTCA, it must meet two requirements: (1) the challenged decision must involve an element of choice, and (2) the governmental decision must implicate an exercise of judgment grounded on considerations of public policy." *Enlow v. United States*, 161 Fed. Appx. 837, 839 (11th Cir. 2006) (unpublished opinion) (citing *United States v. Gaubert*, 499 U.S. 315, 322 (1991), and *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998)). A challenged decision does not involve an element of choice, "'if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' and 'the employee has no rightful option but to adhere to the directive.'" *Id.* (quoting *Gaubert,* 449 U.S. at 322 (internal marks omitted)). However, "[i]f the discretionary function exception applies, the

3

FTCA claim must be dismissed for lack of subject matter jurisdiction." *Cohen*, 151 F.3d at 1340.

Here, Plaintiff has identified two BOP regulations which he contends that Defendant violated when it placed Cedric Dames in the same cell as Plaintiff, making the discretionary function exception inapplicable.

First, he contends that the placement violates BOP Program Statement 5270.07, § 451(2)(c)(2), which states:

> The number of inmates confined to each cell or room in segregation should not exceed the number for which the space was designated. The Warden may approve excess occupancy if the Warden finds there is a pressing need for this action, and that other basic living standards of this subsection can still be maintained.

BOP Program Statement 5270.07, § 451(2)(c)(2).

Next, he contends that the placement violated BOP Program Statement 5270.07, § 451(2)(c)(3)(b) which states:

> If an inmate is so seriously disturbed that the inmate is likely to destroy clothing or bedding or create a disturbance which will be seriously detrimental to others, the Medical Department shall be notified immediately and a regimen of treatment and control instituted with the concurrence of the Medical Officer, in consultation with mental health staff.

BOP Program Statement 5270.07, § 451(2)(c)(3)(b).

As an initial matter, the transfer and placement of prisoners normally falls under the discretionary functions exception of the FTCA. *See, e.g., Enlow*, 161 Fed. Appx. at 840-41 (holding that the placement of a former informant back into general population without

4

reading the inmate's file, which recommended against such action, falls within the discretionary functions exception); *see also Cohen*, 151 F.3d at 1345 (holding that the BOP's actions in classifying and placing prisoners in institutions falls within the discretionary functions exception); *see also Santana-Rosa v. United States,* 335 F.3d 39, 43 (1st Cir. 2003) (holding that decisions with regard to assignment of prisoners to particular units must be viewed as falling within the discretionary function exception).

Furthermore, neither of the policies cited by Plaintiff takes away Defendant's discretion regarding the placement of prisoners.  The first policy explicitly grants the Warden the discretion to "approve excess occupancy if the Warden finds there is a pressing need." Such a policy cannot be read in any way so as to limit all discretion on the part of the Defendants concerning the placement of Mr. Dames.

The second policy seeks to inform the medical department where there is a belief "that the inmate is likely to destroy clothing or bedding or create a disturbance which will be seriously detrimental to others."  This policy does not have anything to do with the placement of prisoners into cells.  Further, this policy is placed under the subheading dealing with Clothing or Bedding which states that "[a]n inmate may not be segregated without clothing, mattress, blankets and pillow, except when prescribed by the medical officer for medical or psychiatric reasons."  This placement leads the court to believe that the purpose of this section is to approach those situations where an inmate might be deprived of some or all of his bedding so as to avoid a disturbance, not to discuss issues of placement of prisoners.

5

For all of these reasons, the court finds neither of these policies took away or even limited Defendant's discretion in placing Mr. Dames in the same cell as Plaintiff.

Having satisfied the first inquiry, the second question in this case is whether the decision of where to place an inmate inside a jail or prison implicates policy concerns. The case law makes clear that it does. In *Cohen*, the circuit stated that accepting Mr. Cohen's position would mean that:

> anytime a prisoner is injured by another prisoner, he can bring an action claiming that the BOP was negligent in classifying the prisoner who committed the assault and placing him in the institution at which the attack occurred, or in not removing that prisoner based upon some prior incident, or in not restricting his movement, or in not providing more guards, and so forth. Such second-guessing of the BOP's discretionary decisions is the type of thing avoided by the discretionary function exception, which is designed to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."

*Cohen,* 151 F.3d at 1344 (quoting *Gaubert,* 499 U.S. at 323). For the same reasons, the decision of where to place Mr. Dames implicates the same policy concerns.

The court finds both the requirements of the discretionary function exception of the FTCA are present for Plaintiff's negligent placement claim. Therefore, the court DISMISSES Plaintiff's negligent placement claim for lack of subject matter jurisdiction pursuant to the discretionary function exception to the FTCA.

The court finds that the information sought in Plaintiff's motion to compel relates only to Plaintiff's negligent placement claim. As the court has dismissed Plaintiff's negligent placement claim, the court DENIES Plaintiff's motion to compel.

### III. Conclusion

The court DISMISSES Plaintiff's negligent placement claim for lack of subject matter jurisdiction. The court DENIES Plaintiff's motion to compel discovery [80]

As Plaintiff's deliberate indifference claim still remains, the court the DIRECTS the parties to file any motions for summary judgment or to submit a pretrial order within thirty (30) days from the date of this order.

**IT IS SO ORDERED** this 8th day of December 2006.

                                           s/ J. Owen Forrester
                                             J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)