IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN BALLESTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:01-CV-2712-JOF |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Defendant's motion for summary judgment [93] and Plaintiff's motion to dismiss [94].

**I.   Background**

    **A.   Procedural History**

On October 11, 2001, Plaintiff, John Ballester, filed suit against the United States of America (hereinafter "Defendant"), Federal Bureau of Prisons, Dr. Edwin Lopez, and Mr. Peralta, alleging a *Bivens* claim of deliberate indifference to serious medical needs and two claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for negligence in medical treatment (the "medical treatment claim") and for ignoring the risk of harm to Plaintiff from the presence of a "psychotic" cell mate (the "negligent placement claim").  On March 24, 2004, this court dismissed Plaintiff's *Bivens* claim and the individual defendants

as well as the Federal Bureau of Prisons. In an order dated February 2, 2005, this court granted in part a motion to compel filed by Plaintiff. Further, in the same order, the court granted Plaintiff's motion for appointment of counsel and motion to stay summary judgment and denied Defendant's motion for summary judgment with leave to renew.

On October 21, 2005, Plaintiff filed a motion to compel seeking information concerning Cedric Dames, the allegedly "psychotic" cell mate. On December 8, 2006, this court, in its ruling on Plaintiff's motion to compel, dismissed Plaintiff's negligent placement claim finding that Defendant lacked subject matter jurisdiction due to the discretionary function exception of the FTCA. The court directed the parties to file summary judgment motion or submit a pretrial order within thirty days of that order. On January 8, 2007, Defendant filed a motion for summary judgment. Rather than responding to Defendant's motion for summary judgment, Plaintiff filed a motion to dismiss on January 26, 2007. Plaintiff has yet to respond to Defendant's motion for summary judgment.

**B.    Facts**

Plaintiff was housed with another inmate in a two-man cell in the Special Housing Unit ("SHU") at USP-Atlanta when, on or about August 4, 1999, inmate Cedric Dames was placed as a third man in the cell. Plaintiff and Dames were engaged in an altercation on August 7, 1999, from which Plaintiff received injuries to his nose. Plaintiff reported the fight immediately after it occurred and sought medical treatment. Plaintiff was seen by a physician's assistant, Mr. Peralta. Upon Plaintiff's release from SHU on September 18, 1999,

AO 72A
(Rev.8/82)

Plaintiff sought medical attention and an X-ray of his nose and face from the prison infirmary. Plaintiff was informed that he had a fractured nose and deviated septum but was not immediately referred to a surgeon or given pain medication. Plaintiff filed an administrative grievance to obtain medical care and pain relief on June 26, 2000 and received surgery on November 8, 2000 to relieve breathing difficulty. Surgery to correct a nasal deformity was denied to Plaintiff.

### C. Contentions

Plaintiff seeks to have this court dismiss his complaint without prejudice. Defendants object to such an action claiming that it would be prejudiced if the court were to allow Plaintiff voluntarily to dismiss the complaint without prejudice at this stage in the proceeding. Further, Defendant contends that Plaintiff is unable to survive summary judgment on his only remaining claim for medical negligence.

Defendant contends that it is entitled to summary judgment on Plaintiff's medical negligence claim for two reasons. First, Defendant contends that Plaintiff has failed to present any evidence to establish that Defendant breached a duty by failing to exercise the requisite degree of care. Second, Defendant claims that Plaintiff cannot demonstrate that Defendant was the proximate cause of Plaintiff's injury.

## II. Discussion

### A. Motion to Dismiss

3

A plaintiff does not, however, have an unfettered right to obtain a voluntary dismissal without prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[1] Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, "[a]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper." Since Rule 41(a)(2) exists primarily for the protection of the defendant, the court must carefully consider the prejudice such a dismissal will have on the defendant. *LeCompte*, 528 F.2d at 604. If the defendant will suffer some plain prejudice beyond the mere prospect of a second lawsuit, then the action should not be dismissed without prejudice. *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). A defendant would be sufficiently prejudiced, for example, if it had incurred significant expenses in discovery and in filing motions prior to the plaintiff seeking to dismiss without prejudice. *See Fisher*, 940 F.2d at 1503; *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). The mere pendency of a motion for summary judgment, however, does not constitute plain prejudice. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1252, 1256-57 (11th Cir. 2001) ("We decline to adopt a per se rule that the pendency of a summary judgment motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice. Rule 41(a) expressly contemplates situations in which

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

4

the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment.").

Here, Defendant has shown that it would suffer prejudice were this court to grant Plaintiff's motion to voluntarily dismiss without prejudice. First, this case has been pending before this court for more than six years. Discovery in this matter has exceeded two years with Plaintiff filing two motions to compel and seeking several extensions of discovery. Plaintiff filed this motion to dismiss only after Defendant had already filed its motion for summary judgment. Finally, Plaintiff offers no reason for his motion to dismiss. The court finds that the long history of this case coupled with the extensive discovery and the responsive nature of the motion to dismiss evince that Defendant will suffer prejudice should the court allow Plaintiff to voluntarily dismiss this case at this juncture. Therefore, the court DENIES Plaintiff's motion to dismiss.

### B.     Motion for Summary Judgment

In analyzing a claim under the FTCA, courts apply the law of the state where the alleged tort occurred. *Stone v. U.S.,* 373 F.3d 1129, 1130 (11th Cir. 2004). In order to prove medical negligence in Georgia, a plaintiff must prove: "(1) the duty inherent in the health care provider-patient relationship; (2) breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure is the proximate cause of the injury sustained." *Zwiren v. Thompson,* 276 Ga. 498, 499 (2003).

With regard to the second element in proving medical negligence, it is presumed "that the medical or surgical services were performed in an ordinarily skilful manner, and the burden is on the one receiving the services to show a want of due care, skill, and diligence." *Shea v. Phillips*, 213 Ga. 269, 271 (Ga. 1957). The "standard of care is that which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally," and "[e]xcepting in a few extreme circumstances, the question of compliance with the required standards must be presented through expert testimony." *Kenney v. Piedmont Hosp.*, 136 Ga. App. 660, 664 (1975).

"In order to establish proximate cause by a preponderance of the evidence in a medical malpractice action, the plaintiff must use expert testimony because the question of whether the alleged professional negligence caused the plaintiff's injury is generally one for specialized expert knowledge beyond the ken of the average layperson." *Zwiren* , 276 Ga. at 500 (citations omitted). In the area of medical negligence, "[a] plaintiff may not rely on his own statements and lay opinions to avoid summary judgment." *Suggs v. U.S.*, 199 Fed. Appx. 804, 808 (11th Cir. 2006) (unpublished opinion) (citing *Parker v. Knight*, 245 Ga. 782 (1980); *Lawrence v. Gardner,* 154 Ga. App. 722 (1980).

Here, Plaintiff has not offered any expert testimony. Absent expert testimony which states that Defendant did not comply with the required standard of care and that the alleged breach by Defendant caused Plaintiff's injury, Plaintiff cannot satisfy either the second or the

third prong in proving medical negligence as a matter of law. Therefore, the court GRANTS Defendant's motion for summary judgment.

## III.    Conclusion

The court GRANTS Defendant's motion for summary judgment [93] and DENIES Plaintiff's motion to dismiss [94].


**IT IS SO ORDERED** this 8th day of March 2007.


                                                    s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)